BLACKFORD *v* OLMSTEAD.

DEEDS—DELIVERY—EVIDENCE—SUFFICIENCY.

On a bill to re-establish a deed, evidence examined, and *held*, to show by a preponderance thereof that a deed as stated in the bill was executed and delivered to complainant with intention to vest title in the lands described in him.

Appeal from Barry; Smith, J.    Submitted November 14, 1906.    (Docket No. 144.)    Decided January 4, 1907.

Bill by Charles H. Blackford against Kitty Olmstead and others to re-establish a deed, and for other relief. From a decree for complainant, defendants appeal. Affirmed.

*Colgrove & Potter*, for complainant.

*Jesse Arthur, Thomas & Pryor*, and *W. S. Powers*, for defendants.

MOORE, J.   This case has been here before upon demurrer to complainant's bill of complaint.   A reference to the opinion as reported in 140 Mich. 583, will make a long statement of facts unnecessary at this time.   After the opinion was handed down the case was put at issue and was tried in open court.   Testimony covering more than two hundred pages of printed record was taken.   A decree was rendered in favor of the complainant.   The case is brought here by appeal.

Counsel for appellants in their brief say:

" We understand the decision of this court upon the demurrer in this case, reported in the 140 Mich. 583, to have settled all of the questions except the simple question of fact whether there was a delivery of the deed in question to the complainant, with intention to vest a present title at the date of the delivery to the land in question.   The pleadings and the evidence upon that question will be briefly discussed."

Counsel then proceed at great length with the discussion.

The solicitors for the complainant insist:

"Two questions are involved in this case. The determination of either one of these in favor of the complainant settles the case. They are:

"*First.* Is the complainant entitled to the specific performance of the contract alleged in the bill of complaint under the proofs introduced in this case?

"*Second.* Was the deed made by Joel Evans and wife to the complainant Blackford delivered to Blackford as alleged in the bill of complaint?"

The trial judge filed a written opinion in which he states:

"From the evidence in the case I am in no doubt as to the fact of the making and delivering to the complainant in this case by Joel Evans and Deborah Evans, his wife, of the deed claimed by the bill to have been made and delivered, and it follows that a decree should be taken establishing his title to the land in controversy, and setting aside and holding for naught the conveyance of the same by Joel Evans to Sarah Thompson, on October 31, 1903."

We are agreed with all the solicitors that the important question in the case is whether, to use the language of Justice MONTGOMERY when the case was here before, "there was a delivery with intention to vest title" of the deed to complainant. While, as the result of reading this voluminous record, we cannot say, as did the trial court, that we have "no doubt as to the fact," we think it shown by a preponderance of the evidence that an agreement was made as stated in the bill and that in pursuance of the agreement a deed was executed and delivered to complainant with the intention to vest the title to the 80 acres in controversy in him. It would profit no one to attempt to set out in detail the evidence that leads us to this conclusion.

The decree is affirmed, with costs.

CARPENTER, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.